## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

PATRICK D. FLUKER, #101069                                              PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 5:06cv70DCB-JCS

STAN CANOY, CHRISTOPHER B. EPPS,
and DOLAN WALLER                                                       DEFENDANTS

### <u>MEMORANDUM OPINION</u>

This cause is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  The plaintiff, an

inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the

Wilkinson County Correctional Facility (WCCF), filed this complaint  pursuant to 42 U.S.C.

§ 1983.  The named defendants are: Stan Canoy, Field Officer for MDOC;  Christopher B. Epps,

Commissioner of MDOC;  and Dolan Waller, Warden of WCCF.[1]  The plaintiff seeks monetary

damages and injunctive relief.

### <u>Background</u>

According to the online records of MDOC, petitioner is currently serving a 12-year term of

imprisonment for a robbery conviction from Forrest County, Mississippi.  The plaintiff states that

on May 4, 2005, he was serving a portion of his criminal sentence under the "earned release

supervision" (ERS) program.[2]  On May 4, 2005, the plaintiff was charged with armed robbery

---

[1]The plaintiff was ordered to file an amended complaint to specifically state how each named defendant violated his constitutional rights.  The plaintiff filed his amended complaint on June 7, 2006.

[2]Earned release supervision is provided for in Miss. Code Ann.§ 47-5-138, which designates the department of corrections with the authority to develop rules, terms and conditions for the program including conducting revocation hearings for violations of the conditions of the program. The statute also explicitly states that the "inmate shall retain inmate status and remain under the

and possession of a weapon by a convicted felon.[3]  The plaintiff states that on May 16, 2005, he was given a "preliminary probation revocation hearing" which resulted in a determination that he had violated his probation and he was "released to MDOC."  Compl., p.4.

The plaintiff argues that his constitutional rights were violated because he did not receive a written Rule Violation Report (RVR) from Field Officer Canoy to "show cause that my ERS was violated."  Id.  The plaintiff further complains that he was not given a prison disciplinary hearing for these violations.  The plaintiff also adds that he has been denied his "trusty time allowance of 30 days for every 30 days in trusty status."  Id.

The plaintiff pursued his complaints by filing a grievance in the prison administrative remedy program (ARP), to no avail.  The plaintiff states that his administrative remedy responses informed him that as an "ERS violater" he was not eligible for the "increase[ed]" trusty time allowance.  The plaintiff asserts that his constitutional rights were violated when Commissioner Epps and Warden Waller, in their ARP responses, upheld the decision of Officer Canoy to "violate" his "ERS without a Rule Violation Report."  Am. Compl., p.1.  The plaintiff alleges that he was denied due process because these defendants knew that protocol was not followed. Therefore, the plaintiff alleges his "incarceration [is] illegal" and he is being improperly denied meritorious earned time and trusty status.  Id.

In sum, the plaintiff is requesting that this Court find his due process rights were violated when his ERS was revoked which resulted in him being denied trusty status.  As relief, the

---

jurisdiction of the department" and any time served on ERS will not be applied to a reduction in sentence if the ERS is revoked.

[3] Plaintiff maintains that he has not been "arraign[ed] or convicted" of these charges.

plaintiff wants to be "reinstated back on ERS" and to be granted "trusty status time." Comp., p.4. The plaintiff also seeks an award of compensatory damages in the amount of $12,000.00 and punitive damages in the amount of $15, 000.00.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, this case will be dismissed for plaintiff's failure to state a claim on which relief may be granted.

Initially, this Court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If this Court grants the requested relief regarding the plaintiff's ERS and trusty sentence credits, it could result in the plaintiff receiving an early release from custody. The plaintiff must first pursue his request for his reinstatement of earned release supervision and trusty sentence credits by filing a petition for habeas corpus relief.

3

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).  Since the plaintiff has not demonstrated presentation of  these claims to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Therefore, the portion of plaintiff's complaint requesting his release from custody will not be liberally construed as a petition for habeas corpus relief, but instead will be dismissed.

A state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  The Heck doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good-time credits.  Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Under the allegations of this complaint, it is clear that a judgment by this Court in favor of the plaintiff would "necessarily imply" the invalidity of his imprisonment.  Therefore, in order for the plaintiff to maintain this action he must demonstrate that the revocation hearing and disciplinary action resulting in the loss of ERS status and the denial of trusty sentence credits, has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Wells v. Bonner, 45 F.3d 90, 94 (5th Cir. 1995) (quoting  Heck v. Humphrey, 512 U.S. 477, 487 (1994)).  The plaintiff has failed to demonstrate that his revocation

hearing or disciplinary action has been invalidated.  Thus, the plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued.  See Heck, 512 U.S. at 489-90.  Consequently, he cannot maintain this action for monetary damages against the named defendants.

Conclusion

For the reasons set forth in this Memorandum Opinion, the Court finds that the plaintiff's complaint should be dismissed for failure to state a claim on which relief may be granted, pursuant to  28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.[4]  Any habeas claims the plaintiff may be asserting will be dismissed without prejudice.  A final judgment in accordance with this Memorandum Opinion will be entered on this date.

Three-strikes provision

Since this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike."  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and will be required to pay the full filing fee to file a civil action or appeal.

SO ORDERED this the 19th day of September, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

---

[4]Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).